```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DEBORAH JUSTRABO AND                            CIVIL ACTION
ALWYN JUSTRABO, JR.

VERSUS                                          NO: 06-6762

ALLSTATE INSURANCE                              SECTION: "J" (3)
COMPANY, et al.
```

## ORDER AND REASONS

Before the Court is plaintiffs' Motion to Remand. (Doc. 7.) The motion is opposed. For the following reasons the Court finds the motion should be DENIED.

### I. BACKGROUND

Plaintiffs are homeowners whose property was damaged during Hurricane Katrina. They filed suit in state court against: their insurer, Allstate Insurance Company; the agency from whom they purchased their policy, Bravender Insurance Agency, Inc.; and the agents who adjusted their claim following the hurricane, Kelley Davis and Richard Daniels. Allstate is a foreign corporation, whereas the rest of the defendants are citizens of Louisiana. Allstate removed the case to federal court based on diversity jurisdiction alleging that the in-state defendants were

improperly joined. Plaintiffs seek to remand, contending that defendant has failed to prove improper joinder.

## II. LEGAL STANDARDS

*A. Motion to Remand*

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant can remove a state action to federal court based on original diversity jurisdiction unless a properly joined defendant is a citizen of the state where the action was brought. 28 U.S.C. § 1441(b).

The removing party bears the burden of establishing that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Id.* If at any time before final judgment it appears that this Court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). Ambiguities are construed against removal and in favor of remand because removal statues are strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

*B. Improper Joinder*

A properly joined in-state[1] defendant will prevent removal, whereas an improperly joined in-state defendant will not. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the in-state party in state court. *Id.* To establish improper joinder where there is no allegation of actual fraud the defendant must demonstrate that there is no possibility of recovery by the plaintiff against any in-state defendant. *Id.* A mere theoretical possibility of recovery is not sufficient to preclude a finding of improper joinder. *Id.* A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Id.* Where a plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the Court may, in its

---

[1] The term "in-state" is being used in this opinion to describe a defendant who is a citizen of the state where the action was brought, preventing removal under 28 U.S.C. § 1441(b), as well as a defendant who would be non-diverse from a plaintiff, destroying original jurisdiction under 28 U.S.C. § 1332(a). In this case, a defendant with Louisiana citizenship would do both.

discretion, pierce the pleadings and conduct a summary inquiry. *Id.* at 573-74.

The party seeking removal bears a heavy burden of proving improper joinder. *Id.* at 574. In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### III. DISCUSSION

*A. Claims Adjusters*

Plaintiffs have improperly joined Allstate's claims adjusters. The claims adjusters were agents for Allstate, so they did not owe a duty to plaintiff to properly adjust the claim. No allegations are made that the agents took on some special duty to plaintiffs. Allstate is liable if they mishandled the claim somehow. *See Rosinia v. Lexington Ins. Co.*, 2006 WL 3141247 (E.D. La., Oct 31, 2006) and cases cited therein.

*B. Procuring Agent*

*1. Failure to State a Claim*

Plaintiffs have failed to state a claim under Louisiana law against the agent that procured their insurance policies. To state a cause of action for breach of a procuring insurance

agent's fiduciary duty, a plaintiff must show (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly insured. *Offshore Prod. Contractors, v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730-731 (La. 1973)). However, an insurance agent is not required "to spontaneously identify a client's needs and advise him as to whether he is under insured or carries the right type of coverage." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, *10 (E.D.La. July 21, 2006). In addition, a plaintiff is not justified in relying on a general representation by the agent that all hurricane-caused damage is covered when such a statement contradicts clear provisions in the policy excluding certain types of coverage. *See id.* at *11-12. An insured is responsible for reading his policy and knowing its terms. *Id.* at *11.

   Plaintiffs in this case allege that their agent negligently failed to procure adequate flood insurance, negligently failed to advise them of the availability of excess flood insurance, and negligently failed to inform them that they were under insured.

(Petition ¶ XIV.) Plaintiffs do not allege that they asked their agent to procure flood insurance, excess flood insurance, or a certain amount of coverage that it then failed to procure without telling them. Therefore, even accepting plaintiffs' allegations as true, they fail to satisfy the elements of a cause of action for breach of a procuring agent's fiduciary duty.

Plaintiffs also allege that their agent misrepresented to them that they would be covered "for all damages they would sustain during a hurricane" (Petition ¶ IV) and negligently failed to alert them "as to any 'concurrent causation clauses' in the policy" (Petition ¶ XIV). However, plaintiffs cannot recover from their agent for failing to tell them something that is clearly contained in their policy, and cannot justifiably rely on sweeping statements without reference to the qualifying terms of their policy. These allegations, accepted as true, cannot support a determination that plaintiffs were warranted in their assumption that they were insured as expansively as they indicate. Therefore, these claims cannot satisfy the third element of the cause of action for breach of a procuring agent's fiduciary duty.

### 2. Peremption

As an alternate reason for denying remand, plaintiffs' claims against the procuring agent have expired. Louisiana law

provides that an action, whether in tort or contract, against an insurance agent must be brought within one year of the "act, omission, or neglect" or within one year from the date the act or omission was or should have been discovered. La. R.S. § 9:5606. Even in "discovered" cases, the suit must be filed within three years of the act or omission. *Id.* These periods are peremptive periods and cannot be renounced, interrupted, or suspended. *Id.*

   Plaintiffs allege that at each yearly renewal of their policies, Bravender Insurance Agency was negligent in failing to advise them that they were under insured and in failing to procure more insurance for them. Plaintiffs' argument that the yearly renewal of the policy re-activates the peremptive periods has been largely rejected in the cases in which it has been considered. *See, e.g., Perez v. Metropolitan*, 2006 WL 2178753, *3 (E.D.La.) (Lemelle, J.) (citing *Bel v. State Farm*, 845 So. 2d 377 (La.App.1st Cir. 2003); *Biggers v. Metropolitan*, 886 So. 2d 1179, 1183 (La.App. 5th Cir. 2004)); *Dobson v. Allstate*, 2006 WL 2078423 (E.D.La.)(Vance, J.)(and other cases consolidated in the order and reasons). *Sonnier v. La. Farm Bureau*, 924 So. 2d 419 (La. App. 3rd Cir. 2006) cited by plaintiffs is distinguishable in that every year, at renewal time, Sonnier asked that she be covered for the replacement value of her property and was informed each time that replacement coverage was unavailable,

7

when in fact it was available. Therefore the case does not hold that renewal alone starts a new peremptive period. Something more than automatic renewal is required to create a new "undertaking or agreement by the agent to procure insurance." Bravender Insurance Agency procured plaintiffs' homeowners' insurance policy in 2000 and flood policy in 2001. By 2005, the three year peremptive periods for both policies had passed, and plaintiffs' cause of action based on acts or omissions in procuring the policies were extinguished.

## IV. CONCLUSION AND ORDER

Plaintiffs have improperly joined Allstate's adjusters and the agency that procured their insurance policies. This case has been properly removed from state court. Plaintiffs must proceed with their claims against Allstate Insurance Company in this Court.

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Remand (Doc. 7) is **DENIED**.

New Orleans, Louisiana this the 8th day of January, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE